**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

MARQUIS ANTHONY NELSON,      )
                                      )
      Movant,              )
                                      )
v.                                 )     **Civil Action No. 1:15-13059**
                                      )     **(Criminal Action No. 1:08-00058)**
UNITED STATES OF AMERICA,     )
                                      )
      Respondent.       )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Movant's "Motion of Ineffective Assistance of Counsel Against Appellate Counsel Jonathan D. Byrne" (Document No. 69), filed on January 9, 2015; (2) Movant's "Motion of Ineffective Assistance of Counsel Against Federal Public Defender Christian M. Capece" (Document No. 71), filed on January 12, 2015; (3) Movant's "Motion for Judge Irene C. Berger to Acknowledge Judicial error - Violation of Movant's Constitutional Right to Appeal, or Motion for Recusal for Presiding on Hearing Movant's Ineffective Assistance of Counsel Motion and all other Related Matters" (Document No. 81), filed on May 21, 2015; and (4) Movant's Amended "Motion of Ineffective Assistance of Counsel Against Appellate Counsel Jonathan D. Byrne" (Document No. 92), filed on September 21, 2015.[1]

**FACTS AND PROCEDURE**

On April 27, 2010, Movant was convicted of Possession with Intent to Deliver a Quantity of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 1:08-0058, Document No. 29 - 31.) On August 30, 2010, the District Court sentenced Movant to a term of 84 months of

---

[1]  Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

imprisonment to run consecutively to Movant's previously imposed undischarged term of incarceration. (Id., Document Nos. 38 and 40.) The District Court further imposed a three-year term of supervised release. (Id.) By Memorandum Opinion and Order entered on April 13, 2012, the District Court denied Movant's request for a sentence reduction pursuant to 18 U.S.C. § 3582 based on the Fair Sentencing Act of 2010. (Id., Document No. 51.) Movant filed his Notice of Appeal on October 21, 2013. (Id., Document No. 53.) On December 19, 2013, the Fourth Circuit dismissed Movant's appeal as untimely. (Id., Document Nos. 59 and 60.)

On January 9, 2015, Movant filed his "Motion of Ineffective Assistance of Counsel Against Appellate Counsel Jonathan D. Byrne." (Id., Document No. 69 and Document No. 88, pp. 1 - 6.) Specifically, Movant complained that Mr. Byrne failed to advise him of his right to appeal, failed to file an appeal on Movant's behalf, failed "to object or challenge remarks harmful/prejudicial towards [Movant]," and failed to notify Movant of the "time line limit to file an appeal." (Id.)

On January 12, 2015, Movant filed his "Motion of Ineffective Assistance of Counsel Against Federal Public Defender Christian M. Capece." (Id., Document No. 71 and Document No. 88, pp. 7 - 10.) Specifically, Movant claims that trial counsel acted ineffectively based upon the following: (1) Failing "to investigate into whether the State Trooper was or was not a federally crossed deputy in order for the State Trooper to file a Complaint in Federal court;" (2) Failing "to obtain questioning of the State Trooper covering the case;" (3) Failing "to obtain the Trooper's criminal Complaint;" (4) Failing "to investigate into whether United States District Court actually had subject matter jurisdiction and/or establish personal jurisdiction;" (5) Failing "to study the statutes in which the defendant was charged under to see if evidence met each and every element of that statute;" (6) Failing "to investigate into whether or not defendant was under a Federal investigation by the DEA

at the time of arrest;" (7) Failing "to investigate into whether or not there was a joint State and Federal investigation of the defendant concerning drugs and firearms;" (8) Failing "to investigate into whether or not arrest was lawful and did not violate the Fourth Amendment;" (9) Failing "to obtain grand jury transcripts to ensure the defendant was actually indicted in compliance with the Fifth Amendment of the Constitution of the United States;" (10) Failing "to obtain and provide defendant with discovery material before plea;" and (11) Failing to file a response "against the AUSA's Motions or notify defendant of motions filed by prosecutor that defendant may have wanted to challenge regarding the outcome of the charge, plea, and sentence." (Id.)

On May 21, 2015, Movant filed a "Motion for Judge Irene C. Berger to Acknowledge Judicial error - Violation of Movant's Constitutional Right to Appeal, or Motion for Recusal for Presiding on Hearing Movant's Ineffective Assistance of Counsel Motion and all other Related Matters." (Id., Document No. 81 and 88, pp. 12 - 19.) Movant continues to argue that his attorney, Mr. Bryne, failed to advise him of "his right to appeal or the appeal process and time line to file an appeal in Judge Berger's April 13, 2012 Memorandum Judgment Order Opinion denying defendant's sentence reduction under the 2010 Fair Sentencing Act." (Id.) Movant further argues that United States District Judge Irene C. Berger failed to advise him of his right to appeal. (Id.)

By Order entered on September 10, 2015, the undersigned notified Petitioner of its intention to re-characterize his "Motion of Ineffective Assistance of Counsel Against Appellate Counsel Jonathan D. Byrne" (Id., Document No. 69), "Motion of Ineffective Assistance of Counsel Against Federal Public Defender Christian M. Capece" (Id., Document No. 71), "Motion for Judge Irene C. Berger to Acknowledge Judicial error - Violation of Movant's Constitutional Right to Appeal, or Motion for Recusal for Presiding on Hearing Movant's Ineffective Assistance of Counsel Motion and

all other Related Matters" (Id., Document No. 81) as a Section 2255 Motion pursuant to United

States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Id., Document No. 87.) The Court further ordered

as follows (Id., p. 5.):

> [I]t is hereby **ORDERED** that Movant should inform the Court in writing by
> **September 25, 2015**, if he does not wish to have his Motion re-characterized as a
> motion under Section 2255. Should Movant not file a response to this Order and
> Notice, the Court will consider the Motion as a Motion filed under Section 2255 . .
> . Should Movant not agree with the Court that his Motion should be re-characterized
> as a Section 2255 Motion, the Court will rule upon the Motion as filed under 18
> U.S.C. § 3582.

(Id., p. 4.) On September 18, 2015, Movant filed his Response in Opposition. (Id., Document No.

91.) Movant states that he "denies the Magistrate's attempt to re-characterize" his Motions because

he does not have "access to a law library to research or obtain legal advice to know if the Judge's

attempt to re-characterize [his] Motion is beneficial or harmful to [his] case." (Id.)

       On September 21, 2015, Movant filed his Amended "Motion of Ineffective Assistance of

Counsel Against Appellate Counsel Jonathan D. Byrne." (Id., Document No. 92.) Specifically,

Movant complains that Mr. Byrne failed to advise him of his right to appeal, failed to file an appeal

on Movant's behalf, and failed to "advocate fearlessly and effectively on behalf" of Movant. (Id.)

Movant states that the "time limitation in which to meet the Fourth Circuit Court of Appeals

jurisdiction to consider [his] appeal was violated by ineffective assistance of counsel." (Id.) Movant

alleges that counsel failed to ascertain whether Movant wanted to appeal the denial of his request for

a sentence reduction pursuant to 18 U.S.C. § 3582. (Id.)

## DISCUSSION

       Title 18 U.S.C. § 3582(c) provides that the Court may not modify an imposed term

of imprisonment except:

    **(1)**     in any case - -

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (an may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that - -

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . . for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . .

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2)     in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ..

18 U.S.C. § 3582(c). In his Motions, Movant does not assert any of the exceptions set forth in Section 3582(c). First, there is no indication that the Director of the Bureau of Prisons has filed a motion for compassionate release pursuant to Section 3582(c)(1)(A). Next, the United States has not filed a motion requesting a sentencing reduction for substantial assistance pursuant to Rule 35. Finally, Movant does not allege that he was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. Movant, requests that the Court overturn or reconsider his sentence based upon the alleged ineffective assistance of counsel that Movant received during his underlying proceedings and during consideration of his request for a reduced sentence pursuant to the Fair Sentencing Act of 2010.[2] Movant is clearly attempting to challenge the validity

---

[2] Since a defendant does not have a right to counsel with respect to a Section 3582(c) motion, there can be no right to effective assistance of counsel based upon such proceedings. *United States*

of his sentence. A collateral attack on Movant's sentence must be brought under 28 U.S.C. § 2255, not pursuant to Section 3582.[3] Accordingly, the undersigned respectfully recommends that Defendant's above Motions be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's "Motion of Ineffective Assistance of Counsel Against Appellate Counsel Jonathan D. Byrne" (Document No. 69 and Document No. 88, pp. 1 - 6), "Motion of Ineffective Assistance of Counsel Against Federal Public Defender Christian M. Capece" (Document No. 71 and Document No. 88, pp. 7 - 11), "Motion for Judge Irene C. Berger to Acknowledge Judicial error - Violation of Movant's Constitutional Right to Appeal, or Motion for Recusal for Presiding on Hearing Movant's Ineffective Assistance of Counsel Motion and all other Related Matters" (Document No. 81 and Document No. 88, pp. 12 - 19), Movant's Amended "Motion of Ineffective Assistance of Counsel Against Appellate Counsel Jonathan D. Byrne" (Document No.

_____

v. Taylor, 414 F.3d 528, 537 (4th Cir. 2005); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000.)

[3] Even construing Movant's Motion as a Section 2255 Motion, such a Motion would most likely be denied as untimely. Although Movant's request to reduce his sentence pursuant to 18 U.S.C. § 3582(c) was denied on April 13, 2012, the undersigned finds that Movant's conviction and sentence became final on September 13, 2010 (Movant was sentenced on August 30, 2010, and his sentence became final 14 days later when he did not file a Notice of Appeal). Title 18 U.S.C. § 3582(b) provides that notwithstanding fact that a sentence can be modified pursuant to subsection (c), corrected pursuant to Rule 35, or modified pursuant to section 3742, "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b); also see United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001)(stating that "Congress did not intend for Fed. R. Crim. Pro. 35(b) motions to prevent convictions from becoming final for § 2255 purposes"); Potter v. United States, 2007 WL 749674 (E.D.Va. Mar. 5, 2007)(rejecting "petitioner's argument that his conviction did not become final until disposition of the government's Rule 35(b) motion for a reduction petitioner's sentence").

92), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: October 2, 2015.

R. Clarke VanDervort
United States Magistrate Judge